**Kristine S. SICILIANO, Plaintiff–Appellant,**

v.

**CAMBRIDGE HOME HEALTH CARE INC./PRIVATE, Defendant–Appellee.**

No. 01–4138.

United States Court of Appeals, Sixth Circuit.

May 29, 2003.

Before MERRITT and BATCHELDER, Circuit Judges; and DUPLANTIER, District Judge.*

MERRITT, Circuit Judge.

In this action, the district court ruled on summary judgment that the defendant employer cannot be held liable for an alleged violation of the Family Medical Leave Act of 1993, 29 U.S.C. §§ 2601–2654, because the employer was not the "successor in interest" of the plaintiff's former employer

---

* The Honorable Adrian G. Duplantier, United States District Judge for the Eastern District of Louisiana, sitting by designation.

and therefore the plaintiff had not worked for the new employer long enough to claim coverage under that Act. As a result, the plaintiff's time working for the former employer could not be counted toward the twelve months required to be considered an "employee" covered by the Act. We AFFIRM.

The Family Medical Leave Act entitles eligible employees to take up to twelve weeks of unpaid leave in any twelve-month period for qualifying medical or family reasons. 29 U.S.C. § 2612(a)(1). The Act further ensures that the employee will be restored to the same or an equivalent position upon returning to work. *Id.* § 2614(a)(1). An "eligible employee" is one "who has been employed for at least 12 months by the employer with respect to whom leave is requested ...; and for at least 1,250 hours of service with such employer during the previous 12–month period." *Id.* § 2611(2)(A). "Employer" is defined to include "any successor in interest of an employer." *Id.* § 2611(4)(A)(ii)(H). Although "successor in interest" is not defined in the statute, the Secretary of Labor has provided eight non-exhaustive factors for evaluating whether an employer qualifies as a successor in interest for purposes of the Act:

(1) Substantial continuity of the same business operations;

(2) Use of the same plant;

(3) Continuity of the work force;

(4) Similarity of jobs and working conditions;

(5) Similarity of supervisory personnel;

(6) Similarity in machinery, equipment, and production methods;

(7) Similarity of products or services; and

(8) The ability of the predecessor to provide relief.

*See* 29 C.F.R. § 825.107(a). The regulation further provides that "[a] determination of whether or not a 'successor in interest' exists is not determined by the application of any single criterion, but rather the entire circumstances are to be viewed in their totality." *Id.* § 825.107(b).

Because the plaintiff bears the ultimate burden at trial of proving the essential factual element that she is a covered "employee" under the Act, our *de novo* review of the district court's grant of summary judgment requires us to determine whether she has made a showing sufficient to establish that her new employer is the successor in interest of her former employer. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Morales v. American Honda Motor Co., Inc.,* 71 F.3d 531, 535 (6th Cir. 1995); Fed.R.Civ.P. 56. In doing so, we construe the evidence, and all inferences to be drawn from it, in the light most favorable to the plaintiff. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

Briefly, the undisputed historical facts presented in this case are as follows. Up until December 1999, Tri–County Private Hours operated as a multi-branch home health care provider in Ohio. Kristine Siciliano, a licensed registered nurse, was employed as branch manager of its Austintown, Ohio, branch. On December 3, 1999, Tri–County sold its patient lists and records to Cambridge Home Health Care, Inc./Private, also an established business providing home health care from several branch offices. Tri–County and Cambridge agreed that Tri–County employees could apply for employment with Cambridge Home Health Care, but Cambridge had no obligation to hire Tri–County's employees. Except for the Austintown office, Cambridge either opened new offices or

absorbed Tri–County's patients at its existing offices. Siciliano applied for a job with Cambridge and was hired to do essentially the same job she had performed for Tri–County. Although her position was initially described as "Scheduler," Siciliano's position was ultimately designated as "Assistant Branch Manager and Nursing Supervisor," and her salary was set at an amount $5,000 less than her salary with Tri–County. Siciliano continued to work in the field as well, seeing patients and providing home health care. Although Siciliano was hired by Cambridge, "not all" of Tri–County employees were hired. Siciliano was a manager who avers that she had first-hand and insider information regarding day-to-day operations of the Austintown branch and other branches, yet the record does not indicate the number of Tri–County employees hired at the Austintown branch, nor is there any evidence regarding the structure, jobs, and working conditions at the Austintown office before and after the transfer of patient files. The record is also silent regarding the total number of Tri–County employees hired by Cambridge, or whether those who were hired remained in similar positions.

In its motion for summary judgment, Cambridge asserted, *inter alia*, that the undisputed evidence and any reasonable inferences drawn from it in Siciliano's favor are insufficient to support a finding that Cambridge is the successor in interest to Tri–County for purposes of calculating the requisite twelve-month employment period for eligibility under the Family Medical Leave Act. According to Cambridge, Siciliano had only worked for Cambridge for three months when she took her leave and thus was not an "employee" covered under the Act. The district court agreed and granted Cambridge's motion. On appeal, the plaintiff argues that the district court misapplied the factors set out

in § 825.107(a) to the evidence presented in this case.

Throughout the proceedings in this case, there has been little effort on Siciliano's part to directly point out the evidence that she contends establishes, either on its own or with attendant reasonable inferences in her favor, that Cambridge Home Health Care is Tri–County's successor. In this case, discovery was completed and there was nothing left to do but test the undisputed material evidence as a matter of law. Siciliano sought summary judgment herself, but did not offer evidence of successorship. She merely disagreed with Cambridge's argument that the combination of events—*e.g.*, the sale of only patient records and customer lists, the decrease in her salary, the limited hiring policy, and the immediate closing of all Tri–County offices except the Austintown branch—did not give rise to successorship.

In the court below, the plaintiff's opposition efforts consisted of simply repeating an earlier assertion that the district court is required to apply the § 825.107 factors, referring the court to the record in general (which includes her unsupported conclusion that "defendant qualifies [as a successor] considering these factors"), and requesting summary judgment in her favor on all the elements of her case. (*See* Pl.'s Opp'n to Def.'s Mot. for Summ. J. at 2, J.A. at 94; *see also* Pl.'s Mot. Summ. J. at 5, J.A. at 23.) The plaintiff made no effort to explain why the evidence submitted at the very least shows a genuine issue of material fact on the question of successorship, or why, as she contends, the evidence and all reasonable inferences could only lead to judgment as a matter of law in her favor on the same question. She simply asserted that "there remain no material facts that can be disputed in any way and that summary judgment should be granted in Plaintiff's favor as to the protections

afforded to her under the FMLA and the Defendant's knowing disregard thereto." (Pl.'s Opp'n to Def.'s Mot. for Summ. J. at 2.)

Although she argues before this Court that the district court's ruling on the successorship question was "erroneous," she makes no effort to explain why this is so. Instead, she broadly claims, without pointing to any supporting evidence, that "[t]he district court committed reversible error in its application of the relevant factors, which clearly support the conclusion that Cambridge was a successor in interest to Siciliano's original employer." (Br. of Appellant at 19.) In response to Cambridge's methodical analysis of the evidence presented under the Department of Labor factors, Siciliano resorts to unsupported factual assertions, irrelevant speculation about Cambridge's allegedly calculated risk-taking in deciding to demote her, and insistent adherence to her previous analogy to a factually distinct New Jersey district court decision that has since been summarily vacated by the Third Circuit.

"The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex* 477 U.S. at 322. Siciliano must make that showing upon Cambridge's factually supported motion for summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reason-

ably find for the plaintiff."). Accordingly, the judgment of the district court is affirmed.